#201612/pld/TCJ/KB/jd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

CORTNEY KAISER, individually, and as )
mother and next Friend of COLTON )
KAISER, a minor, )
                                                  )
        Plaintiff,         )   No.   3:18-cv-50118
                                                  )
    v.                 )
                                                 )
THE MONROE CLINIC, INC., )
JAMES J. EHLE, M.D., and WISCONSIN )
INJURED PATIENTS AND FAMILIES )
COMPENSATION FUND, )
                                                 )
        Defendant.       )

## COMPLAINT AT LAW

**I.**     **INTRODUCTION**

1.     This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against the Plaintiffs.

**II.**     **JURISDICTION**

2.     Plaintiffs are citizens and residents of the State of Illinois.

3.     Defendant MONROE CLINIC [hereinafter "MONROE"] is a corporation incorporated under the laws of the State of Wisconsin having its principal place of business in Wisconsin.

4.     Defendant JAMES J. EHLE M.D. [hereinafter "EHLE"] is a citizen and resident of Wisconsin.

5.     WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND is a mandatory health care liability risk sharing plan created by Wisconsin Statutes Chapter 655, whose obligations and responsibilities include making payments in excess of underlying insurance

limits on behalf of negligent health care providers, including on information and belief MONROE CLINIC and EHLE.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

7. The Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. PARTIES

9. Plaintiff, CORTNEY KAISER and her son COLTON BABLER at all times relevant hereto have been and are citizens and residents of the Village of Lena, State of Illinois and the United States of America.

10. Defendant MONROE at all times relevant hereto was and is a Wisconsin Corporation, organized and incorporated under the laws of the State of Wisconsin.

11. Defendant JAMES J. EHLE, M.D. at all times relevant hereto was and is a resident and citizen of Wisconsin.

12. WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND is amandatory health care liability risk sharing plan created by Wisconsin Statutes Chapter 655, whose obligations and responsibilities include making payments in excess of underlying insurance limits on behalf of negligent health care providers.

### IV. ALLEGATIONS RELATING TO ALL COUNTS

13. On and before January 7, 2016, and at all times relevant to this claim, Defendant THE MONROE CLINIC, INC., was a corporation licensed to conduct business in the State of Wisconsin, operating a hospital open to the public at 515 22nd Ave., in the City of Monroe, County of Green and State of Wisconsin.

2

14. On and before January 7, 2016, and at all times relevant to this claim, defendant THE MONROE CLINIC, also did business as the Monroe Clinic Highland Women's Clinic ["MCHWC"] at 3103 W. Kunkle Blvd., Freeport, Illinois 61302.

15. On and before January 7, 2016, MONROE CLINIC provided prenatal care to COLTON and CORTNEY by and through its authorized agents and employees, including but not limited to EHLE, at the MCHWC in Freeport, Illinois.

16. On and before January 7, 2016, and at all times relevant to this claim, defendant EHLE was a duly licensed and practicing physician in the State of Illinois, holding himself out to be trained and skilled in obstetrics and engaged in the practice of that profession in the City of Freeport, County of Stephenson and State of Illinois.

17. On and before January 7, 2016, and at all times relevant to this claim, defendant EHLE was a duly licensed and practicing physician in the State of Wisconsin, holding himself out to be trained and skilled in obstetrics and engaged in the practice of that profession in the City of Monroe, County of Green and State of Wisconsin.

18. On and before January 7, 2016, and at all times relevant to this claim, CORTNEY was an obstetrical patient of defendant MONROE CLINIC.

19. On and before January 7, 2016, and at all times relevant to this claim, CORTNEY was an obstetrical patient of defendant EHLE.

20. On and before January 7, 2106, and at all times relevant to this claim, defendant EHLE was the employee and/or agent of defendant MONROE CLINIC.

21. On and before January 7, 2106, and at all times relevant to this claim, EHLE was acting in the course and scope of that employment or agency with MONROE CLINIC.

22. On January 7, 2016, CORTNEY was an established patient of MONROE CLINIC, having previously received treatment at MCHWC in Freeport, Illinois.

23. On January 7, 2016, CORTNEY had an initial telephone conference with medical

3

personnel at MCWHC in Freeport, Illinois, regarding her pregnancy with COLTON and scheduled her first OB appointment.

24. On February 3, 2016, CORTNEY had her new OB Education visit at MCHWC in Freeport, Illinois.

25. On March 3, 2016 CORTNEY was seen and examined by EHLE for her new OB exam at MCHWC in Freeport, Illinois.

26. On April 6, 2016 CORTNEY was seen and examined by a nurse practitioner for a prenatal care visit at MCHWC in Freeport, Illinois.

27. On April 21, 2016 CORTNEY was seen and examined by EHLE for a prenatal care visit at MCHWC in Freeport, Illinois.

28. On May 26, 2016 CORTNEY was seen and examined by EHLE for a prenatal care visit at MCHWC in Freeport, Illinois.

29. On June 20, 2016 CORTNEY was seen and examined by a Jeffrey Dinges, M.D. for a prenatal care visit at MCHWC in Freeport, Illinois.

30. On July 5, 2016 CORTNEY was seen and examined by a nurse practitioner for a prenatal care visit at MCHWC in Freeport, Illinois.

31. On July 20, 2016 CORTNEY was seen and examined by a nurse practitioner for a prenatal care visit at MCHWC in Freeport, Illinois.

32. On August 5, 2016 CORTNEY was seen and examined by EHLE for a prenatal care visit at MCHWC in Freeport, Illinois.

33. On August 15, 2016 CORTNEY was seen and examined by a nurse practitioner for a prenatal care visit at MCHWC in Freeport, Illinois.

34. On August 23, 2016 CORTNEY was seen and examined by EHLE for a prenatal care visit at MCHWC in Freeport, Illinois.

35. On August 31, 2016 CORTNEY was seen and examined by a nurse practitioner for a

prenatal care visit at MCHWC in Freeport, Illinois.

36. On September 3, 2016 CORTNEY was seen and examined by a nurse and received 36-week education at MCHWC in Freeport, Illinois.

37. On September 7, 2016 CORTNEY was seen and examined by a nurse practitioner for a prenatal care visit at MCHWC in Freeport, Illinois.

38. On September 12, 2016 CORTNEY was seen and examined by a Jeffrey Dinges, M.D. for a prenatal care visit at MCHWC in Freeport, Illinois, and during said visit discussed induction, membrane stripping, prostaglandin and Pitocin.

39. On September 20, 2016 CORTNEY was seen and examined by EHLE at MCHWC in Freeport, Illinois for a prenatal care visit and scheduling of post-dates induction.

40. On September 21, 2016, CORTNEY was admitted to MONROE CLINIC for the purpose of a post-dates induction.

41. According to her medical records, on September 21, 2016, CORTNEY was 41 plus 2 weeks pregnant with COLTON.

42. According to the medical records fetal monitoring was started on September 21, 2016 at 1736 and ended on September 24, 2016 at approximately 0216.

43. EHLE was the attending physician for CORTNEY and COLTON during the September 21, 2016 through September 24, 2016 admission at MONROE CLINIC.

44. According to MONROE'S medical records, on September 21, 2016, medical personnel at MONROE administered Cytotec to CORTNEY at 1756.

45. According to MONROE'S medical records, on September 23, 2016, medical personnel began administering Pitocin at 0809 hours pursuant to EHLE's order.

46. According to MONROE'S medical records, on September 23, 2016, at 1921 medical personnel at MONROE called EHLE and informed EHLE that COLTON's fetal monitoring strip exhibited minimal accelerations as well as early and variable decelerations.

5

47. According to MONROE'S medical records, EHLE did not examine CORTNEY at that time.

48. According to MONROE'S medical records COLTON was delivered vaginally on September 24, 2016 at 0215.

49. According to MONROE's records COLTON's delivery was complicated by shoulder dystocia.

50. COLTON was transferred to Rockford Memorial Hospital in Rockford, Illinois on the morning of September 24, 2016.

## COUNT I

### Medical Negligence -- MONROE CLINIC

Plaintiff CORTNEY KAISER, as Parent and Next Friend of COLTON BABLER, a Minor, by and through her attorneys, COPLAN & CRANE, complaining of defendant MONROE CLINIC, for Count One of this Complaint at Law, pleading hypothetically and in the alternative, states as follows:

1–50. Plaintiff adopts and realleges paragraphs One (1) through Fifty (50) of this Complaint at Law as paragraphs One (1) through Fifty (50) of this Count One.

51. On September 23 and 24, 2016, and at all times relevant to this claim, MONROE, by and through its employees and agents, including but not limited to the nurses who cared for CORTNEY and COLTON, were negligent in one or more of the following respects:

   a. Failed to recognize abnormal fetal heart tone tracings on the night of September 23, into the morning of September 24, 2016;

   b. Failed to recognize abnormal uterine contraction patterns from September 23 through September 24, 2016;

   c. Failed to stop the administration of Pitocin in the presence of abnormal fetal heart tone tracings and abnormal uterine contraction patterns;

6

   d. Failed to provide resuscitative measures, including position changes, IV fluids, and oxygen supplementation in the presence of abnormal fetal heart tone tracing;

   e. Failed to notify the physician of abnormal fetal heart rate changes;

   f. Failed to require the obstetrician to personally evaluate his patient in person after 7pm on September 23, 2016;

   g. Failed to direct the pushing efforts of the mother during the second stage of labor on September 24, 2016.

52. On September 23 and 24, 2016, and at all times relevant to this claim, MONROE, by and through its employees and agents, including but not limited to EHLE, was negligent in one or more of the following respects:

   a. Failed to order the discontinuation of Pitocin on the evening of September 23, 2016 when informed of his patient's progress;

   b. Failed to evaluate his patient based upon the information provided by nurses on September 23, 2016;

   c. Failed to manage the second stage of labor to avoid fetal injury;

   d. Failed to proceed to emergency cesarean section with delivery of the child.

53. As a proximate result of one or more of the foregoing negligent acts or omissions of MONROE, COLTON suffered, and continues to suffer, injuries of a personal and pecuniary nature.

54. The Affidavit of Plaintiffs' attorney and attached report of a health care professional is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, demands judgment against defendant MONROE CLINIC for an amount in excess of the $75,000 as will justly and properly compensate for the injuries sustained, and that she have and recover her costs of suit.

## COUNT TWO

### Medical Negligence –MONROE CLINIC – Family Expense Act

Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, by and through her attorneys, COPLAN & CRANE, complaining of defendant MONROE CLINIC, for Count Two of this Complaint at Law, pleading hypothetically and in the alternative, states as follows:

1-52. Plaintiffs adopts and realleges paragraphs One (1) through Fifty-Two (52) of Count One of this Complaint at Law as paragraphs One (1) through Fifty-Two (52) of this Count Two.

53. As a proximate result of the foregoing negligent acts or omissions of MONROE, CORTNEY has become and will become obligated for past and future medical expenses for COLTON and makes this claim pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

54. The Affidavit of Plaintiffs' attorney and attached report of a health care professional is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, demands judgment against defendant MONROE CLINIC for an amount in excess of the $75,000 as will justly and properly compensate for the injuries sustained, and that she have and recover her costs of suit.

## COUNT THREE

### Medical Negligence – JOSEPH EHLE, M.D.

Plaintiff CORTNEY KAISER, as Parent and Next Friend of COLTON BABLER, a Minor, by and through her attorneys, COPLAN & CRANE, complaining of defendant JOSEPH EHLE, M.D., for Count Three of this Complaint at Law, pleading hypothetically and in the alternative, states as follows:

1–50. Plaintiff adopts and realleges paragraphs One (1) through Fifty (50) of this Complaint at Law as paragraphs One (1) through Fifty (50) of this Count Three.

51. On September 23 and 24, 2016, and at all times relevant to this claim EHLE was negligent in one or more of the following respects:

   a. Failed to order the discontinuation of Pitocin on the evening of September 23, 2016 when informed of his patient's progress;

   b. Failed to evaluate his patient based upon the information provided by nurses on September 23, 2016;

   c. Failed to manage the second stage of labor to avoid fetal injury;

   d. Failed to proceed to emergency cesarean section with delivery of the child.

52. As a proximate result of the foregoing negligent act or omission of EHLE, COLTON suffered, and continues to suffer, injuries of a personal and pecuniary nature.

53. The Affidavit of Plaintiffs' attorney and attached report of a health care professional is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff CORTNEY KAISER, as Parent and Next Friend of COLTON BABLER, a Minor, demands judgment against defendant JOSEPH EHLE, M.D., for an amount in excess of the $75,000, as will justly and properly compensate the injuries sustained, and that she have and recover her costs of suit.

## COUNT FOUR

### Medical Negligence – JOSEPH EHLE M.D. – Family Expense Act

Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, by and through her attorneys, COPLAN & CRANE, complaining of defendant, JOSEPH EHLE, M.D., for Count Four of this Complaint at Law, pleading hypothetically and in the alternative, state as follows:

1–51. Plaintiff adopts and realleges paragraphs One (1) through Fifty-One (51) of Count Three of this Complaint at Law as paragraphs One (1) through Fifty-One (51) of this Count Four.

52. As a proximate result of the foregoing negligent act or omission of EHLE, CORTNEY has become and will become obligated for past and future medical expenses for COLTON and make this claim pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

53. The Affidavit of Plaintiffs' attorney and attached report of a health care professional is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, demands judgment against defendant JOSEPH EHLE, M.D., for an amount in excess of the $75,000, as will justly and properly compensate the injuries sustained, and that she have and recover her costs of suit.

## COUNT V

### Medical Negligence-WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND

Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, by and through her attorneys, COPLAN & CRANE, complaining of defendant, WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND, for Count Five of this Complaint at Law, pleading hypothetically and in the alternative, state as follows:

1–53. Plaintiff adopts and realleges paragraphs One (1) through Fifty-Three (53) of Count One of this Complaint at Law as paragraphs One (1) through Fifty-Three (53) of this Count Four.

54. The Defendant, WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND is a mandatory health care liability risk sharing plan created by Wisconsin Statutes Chapter 655, and established under Wis. Stat. 619.04, whose obligations and responsibilities include making payments in excess of underlying insurance limits on behalf of negligent health care providers, as that term is defined by Wis.Stat. 655.022, including, upon information and belief, the defendants MONROE CLINIC and EHLE.

53. The WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND is named as a party to this action as required by Wis. Stat. 655.27(2).

WHEREFORE, Plaintiff CORTNEY KAISER, individually and as Parent and Next Friend of COLTON BABLER, a Minor, demands judgment against defendant WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND, for an amount in excess of the $75,000, as will justly and properly compensate the injuries sustained, and that she have and recover her costs of suit.

Respectfully submitted,

COPLAN & CRANE, LTD.

By: _____
Kevin Burke

Kevin Burke
Ben Crane
Ted C. Jennings
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
Il.court@coplancrane.com