IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Cortney Kaiser, | ) |
| | ) |
| Plaintiff, | ) Case No. 18 C 50118 |
| | ) |
| vs. | ) |
| | ) |
| The Monroe Clinic, Inc., et al., | ) Judge Philip G. Reinhard |
| | ) |
| Defendants. | ) |

### ORDER

For the reasons stated below, defendants' motions [46] [51] to dismiss for improper venue or alternatively to transfer the case are granted in part and denied in part. The motions are granted as to the request for transfer pursuant to 28 U.S.C. § 1406(a) and denied as to the request to dismiss pursuant to Fed. R. Civ. P. 12(b)(3). This case is transferred forthwith to the United States District Court for the Western District of Wisconsin.

### STATEMENT-OPINION

Plaintiff, Cortney Kaiser, individually and as mother and next friend of C.B., a minor brings this action via her second amended complaint against defendants, The Monroe Clinic, Inc. ("Monroe") and the Wisconsin Injured Patients and Families Compensation Fund ("Fund").[1] Plaintiff and C.B. are citizens of Illinois. Monroe is a Wisconsin corporation with its principal place of business in Wisconsin. Fund is a Wisconsin governmental entity funded by an assessment on Wisconsin health care providers. The purpose of the fund is to pay that portion of medical malpractice claims which exceed certain Wisconsin statutory limits on recoveries against health care providers. The amount in controversy exceeds $75,000. The court has subject matter jurisdiction. 28 U.S.C. § 1332(a)(1).

---

[1] In her original complaint, and her first amended complaint, plaintiff also named James J. Ehle, M.D. ("Ehle") as a defendant. In her motion seeking leave to file the second amended complaint, plaintiff stated the purpose of the amendment was to terminate Ehle as a defendant. The docket sheet shows Ehle has been terminated as a defendant and the caption to the second amended complaint does not list Ehle as a defendant. Notwithstanding this termination, the body of the second amended complaint identifies Ehle as a defendant. However, the second amended complaint seeks no relief against Ehle, so the court concludes the second amended complaint's identifying Ehle as a defendant was a scrivener's error.

1

The complaint is for medical malpractice arising from the birth of C.B. to Cortney. Defendants move [46] [51] to dismiss or transfer this case for improper venue.[2]

28 U.S.C. § 1391(b) provides in relevant part:

"(b) Venue in general.--A civil action may be brought in--
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

28 U.S.C. § 1391(c) provides in relevant part:

"(c) Residency.--For all venue purposes--
\* \* \*
(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

In her second amended complaint, plaintiff alleges venue is proper in this court pursuant to Section 1391(b)(2) "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." Defendants argue in their opening brief that venue is not proper under Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim did not occur in this judicial district but instead occurred in Wisconsin. Plaintiff does not respond to this argument in her response brief but instead argues venue is proper under Section 1391(b)(1) because both defendants are residents of this judicial district pursuant to Section 1391(c)(2).

"[P]laintiff bears the burden of proving that venue is proper." United Iron Workers, Inc. v. Travelers Property Casualty Company of America, No. 18-CV-553, 2019 WL 77334, *4 (S.D. Ill. Jan. 2, 2019). "The test for a determination of proper venue under Section 1391(b)(2) is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." Allstate Life Ins. Co. v. Stanley W. Burns, Inc., 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015) (quotation marks and citation omitted).

Attached to the second amended complaint are the affidavit of plaintiff's attorney and the statements of two physicians provided in accordance 735 ILCS 5/2-622(a). The statement of one physician concludes there is a reasonable and meritorious basis for pursuing a cause of action

---

[2] Fund did not file any briefs but joins the arguments raised by Monroe in its briefs.

against Ehle based on deviations from the standard of care during labor. The statement of the other physician concludes there is a reasonable and meritorious basis for pursing a cause of action against Monroe's nursing staff for deviations from the standard of care during labor and delivery. The dates on which labor and delivery occurred were September 23 and 24, 2016. All of these events occurred at Monroe's hospital in Wisconsin.

The second amended complaint alleges numerous events from February 3, 2016 through September 20, 2016 in which Cortney was seen by Ehle and other Monroe staff members at Monroe's clinic in Freeport, Illinois. Cortney was admitted to Monroe's hospital in Wisconsin on September 21, 2016 and remained there until C.B. was delivered there in the early morning of September 24, 2016.

Defendants argue that based on the physicians' statements it is clear that all of the events and alleged omissions giving rise to the claims in this case occurred in Wisconsin. They argue that the events alleged to have occurred in this judicial district in Illinois are not a substantial portion of the activities giving rise to the claim. According to the physicians' statements, all of the deviations from the standard of care occurred during labor and delivery in Wisconsin.

Plaintiff did not respond to this argument in her response brief. It is clear from the physicians' statements that the only events or omissions giving rise to the claim occurred in Wisconsin. Accordingly, venue is not proper in this court under Section 1391(b)(2).

In her response brief, plaintiff argues venue is proper under Section 1391(b)(1) because both defendants are residents of this judicial district pursuant to Section 1391(c)(2). Plaintiff argues both defendants reside in this judicial district because each "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Defendants do not raise an argument that Monroe is not a resident of this judicial district for purposes of this action. Instead they argue the Fund is not an Illinois resident. Plaintiff contends that the Wisconsin statute creating the Fund makes the Fund a resident of Illinois for purposes of this case. Plaintiff also argues that because the Fund answered the complaint without raising the defense of lack of personal jurisdiction that it waived lack of personal jurisdiction as a defense. Because it waived the defense, the Fund is subject to personal jurisdiction in this court and, therefore, pursuant to Section 1391(c)(2), resides in this judicial district for purposes of Section 1391(b)(1) making venue here proper.

Wisconsin Statutes Annotated Section 655.009(3) provides that for malpractice actions against health care providers: "Venue in a court action under this chapter is in the county where the claimant resides if the claimant is a resident of this state, or in a county specified in s. 801.50(2)(a) or (c) if the claimant is not a resident of this state." Section 801.50(2) provides: "Except as otherwise provided by statute, venue in civil actions or special proceedings shall be as follows: (a) In the county where the claim arose; * * * (c) In the county where a defendant resides or does substantial business."

Plaintiff argues since Monroe resides in Stephenson County and Winnebago County, Illinois, and those counties are in this court's judicial district in Illinois and also because Monroe does substantial business in this district that pursuant to Wisconsin Statutes Annotated Section 801.50(c) the action is proper here. The argument being that "a defendant" (Monroe) resides in this district so venue is proper here for the case since only one defendant need reside here for venue to be proper as to all defendants under the Wisconsin statute.

Plaintiff's argument is off the mark. Nothing in the Wisconsin statute makes the Fund a resident of Illinois or this judicial district for purposes of Section 1391(b)(1). The Wisconsin statute simply is a different venue provision for Wisconsin state court cases. That statute allows venue in a county where at least one defendant resides. It does not declare all other defendants to be residents of that county. Federal law governs venue in this court. Wisconsin law does not make the Fund a resident of Illinois for purposes of 28 U.S.C. § 1391(b)(1).

> This leaves plaintiff's argument which she states as follows in her response brief: "Moreover, the Compensation Fund answered plaintiff's complaint without raising the defense of lack of personal jurisdiction. Under FRCP 12(h)(1), the failure to raise lack of personal jurisdiction in Illinois waives that defense. As such, the Compensation Fund is subject to personal jurisdiction in Illinois, and is therefore a resident of Illinois for purposes of 28 USC §1391(b)(2)"[3]

This is all plaintiff has to say about the matter. She makes no argument and cites no legal authority to support this statement. Undeveloped arguments unsupported by legal authority are waived. United Central Bank v. Davenport Estates, LLC, 815 F.32d 315, 318 (7th Cir. 2016). Wakley v. Frontera Produce, Ltd., No. 13 C 5597, 2014 WL 12767672 (N.D. Ill. Jan. 15, 2014) found that the fact a defendant had not challenged personal jurisdiction did not mean the court had personal jurisdiction over that defendant for purposes of determining residence under the venue statute. So, it is not a foregone conclusion that Fed. R. Civ. P. 12(h)(1) makes the Fund a resident of Illinois for purposes of the venue statute. Plaintiff needed to provide an argument supported by legal authority to meet her burden of establishing venue was proper under her above stated theory. She has failed to do so.

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which in could have been brought." While defendants have moved to dismiss for improper venue, in the alternative they ask that the case be transferred pursuant to Section 1406(a) to the Western District of Wisconsin where it could have been brought. The court finds transfer rather than dismissal is in the interest of justice.

For the foregoing reasons, defendants' motions [46] [51] to dismiss for improper venue or alternatively to transfer the case are granted in part and denied in part. The motions are

---

[3] This citation is an error. Obviously, plaintiff means either Section 1391(b)(1) or (c)(2).

granted as to the request for transfer pursuant to 28 U.S.C. § 1406(a) and denied as to the request to dismiss pursuant to Fed. R. Civ. P. 12(b)(3).  This case is transferred forthwith to the United States District Court for the Western District of Wisconsin.

Date: 4/19/2019				ENTER:

							_____
							United States District Court Judge


							Electronic Notices. (LC)

5